IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 03-cv-01841-WYD-PAC

BERT EDWARD SANDERS,

Plaintiff,

v.

AURORA (CO) POLICE DEPARTMENT,
FORMER CHIEF VERN SAINT VINCENT,
PRESENT CHIEF RICKY L. BENNETT,
OFFICER CHRISTIAN STACKHOUSE, and
OFFICER ERIC STEWART,

Defendants.

## ORDER + STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

This matter comes before the Court on the parties' Stipulated Motion for Protective Order [August 26, 05] Concerning Confidential Information. The Court has reviewed that Motion. The Motion is meritorious and acceptable and is granted. Therefore,

IT IS ORDERED:

1. All documents, (a) marked "Confidential," and (b) all internal affairs files, of either past or present City of Aurora employees, and all medical, financial, and tax records of Plaintiff, whether marked "Confidential" or not, that are produced by either party, shall be subject to the restrictions described in the paragraphs numbered 3 and 4 in this Protective Order. To the extent any other documents or information are considered by either party to be of a confidential nature, counsel for such party shall give notice of that position to opposing counsel in the manner required by paragraph 2 of this Protective Order. All additional documents and information which are identified

by such notice to counsel shall also be subject to the controls and restrictions described by paragraphs 3 and 4 of this Protective Order.

2.  The "notice" referenced by paragraph 1 shall be given in the following manner:

(a)  The party or counsel giving notice shall affix a stamp or other mark clearly denoting as confidential all documents and information considered confidential.

(b)  The parties or their counsel may designate any previously produced documentation or information as confidential by supplying to opposing counsel a written notice. Such written notice need not identify each and every confidential document separately, but it shall supply sufficient descriptions and designations of all groups of documents or kinds of information to clearly and unmistakably identify all documents and information which are to be protected by the terms of this Protective Order. Any information or documentation that is designated as confidential by such subsequent notice will then become subject to the restrictions described in paragraphs 3 and 4 of this Protective Order.

(c)  Should a party disagree with an opposing party's designation of confidential information or documentation, the parties shall first consult with each other to attempt to resolve the disagreement. The party seeking lifting of a designation of confidentiality has the burden of going forward with any motion for judicial resolution.

3.  All documents, (a) marked "Confidential," and (b) all Police Department internal affairs files, either past or present City of Aurora employees, and all medical, financial, and tax records of Plaintiff, and all other documents that are designated by the parties or their counsel as confidential shall be subject to the following restrictions:

2

(a)     Books, records, and all other forms of documented information shall be maintained at the office(s) of the attorney to whom they are produced, and shall not leave those office(s) for any reason unless essential for litigation of this case. Such information shall not be copied or duplicated unless such copying is essential for the parties' trial preparation, and all such copies or duplications, whether complete or partial, shall remain subject to the restrictions described by this Protective Order.

(b)     The confidential information shall not be disclosed to anyone else by counsel, except to members of their staff, or by any employees or agents thereof, except that counsel may discuss and review such information or documentation with their respective clients, but only to the extent that such discussion and review is essential for trial preparation and only after the parties have been fully informed of, and expressly agree to, the restrictions described in this Protective Order.

(c)     Counsel may also discuss and review such information or documentation with any experts who are retained by counsel in this litigation, and with any other witnesses, to whose testimony the documents will be necessary, including any witness or expert witness of opposing counsel, or any past or current employee of the opposing party, but only to the extent that such discussion and review is essential for counsel's trial preparation and only after such experts and witnesses have been fully informed of, and expressly agree to, the restrictions described by this Protective Order.

4.      When this litigation has been fully decided, including the completion of all possible appellate procedures, opposing counsel shall return to each other all confidential documentation received from the opposing party, along with all copies and duplicates upon demand of opposing

counsel, itemizing the items desired. Deposition transcripts, trial transcripts, and similar material, which may contain or reflect confidential information, need not be returned to counsel, but such material shall be destroyed or preserved by counsel in a manner which is fully consistent with the spirit of this Protective Order.

5. The parties agree to exercise good faith in designating documents confidential and further state that the designation will be made only by an attorney or a paralegal with training in what constitutes confidential information.

6. Should either party object to a designation of confidentiality, the parties hereby acknowledge that the Court will decide the issue based on the law and the Confidentiality Order will have no presumptive effect.

ORDERED this 2nd day of September, 2005.

BY THE COURT:

By s/ Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge

APPROVED AS TO FORM:

JACOBS, CHASE, FRICK, KLEINKOPF & KELLEY, LLC

s/ L. James Eklund
L. James Eklund
1050 17th Street, Suite 1500
DC BOX #1
Denver, CO 80265
Telephone: (303) 685-4800
Facsimile: (303) 685-4869
Email: jeklund@jcfkk.com
For Plaintiff Bert Edward Sanders

4

BRUNO, BRUNO & COLIN, P.C.

s/ David J. Bruno
David J. Bruno
One Civic Center Plaza, Suite 1099
1560 Broadway
Denver, Colorado 80202-5143
Telephone: (303) 831-1099
Facsimile: (303) 831-1088
Email: dbruno@bbclawyers.com
For Defendants Stackhouse and Stewart

s/ Richard P. Kissinger
Richard P. Kissinger
3773 Cherry Creek Drive North
Suite 900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-320-6613
Email: rick@kandf.com
For Defendant Verne Saint Vincent

s/ Julia A. Bannon
Julia A. Bannon
15151 E. Alameda Parkway
Aurora, Colorado 80012
Telephone: 303-739-7030
Facsimile: 303-739-7042
Email: jbannon@auroragov.org
For Defendants City of Aurora and Ricky Bennett in his official capacity